UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN BRAD JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>TIMOTHY WENNES, *et al.,*<br><br>        Defendants. | Civil No. 08cv1798-L(JMA)<br><br>**ORDER re: "AFFIDAVIT OF TRUTH"** |

    Defendants Timothy Wennes; Countrywide Bank, FSB; Countrywide Home Loans, Inc.; Countrywide Financial Corporation; and Bank of America (collectively "defendants") filed a motion to dismiss or alternatively for a more definite statement [doc. #5] to which plaintiff has responded in opposition [doc. #8]. The motion has been fully briefed as set forth in Civil Local Rule 7.1.e. Nevertheless, on November 4, 2008, plaintiff Warren Brad Johnson, who is proceeding *pro se*, sent an "affidavit of truth" to the Clerk of the Court for filing in the above-captioned case. The Civil Local Rules do not provide for supplemental briefing or submissions after a motion has been fully briefed; therefore, in order to file a supplemental document such as plaintiff's "affidavit of truth", plaintiff is required to seek leave of Court. He has not done so.

    The Court further notes that plaintiff's Certificate of Service indicates that he has mailed his "affidavit of truth" to the Court but it does not state that he has served opposing counsel with this document. Federal Rule of Civil Procedure 5(a) requires service of every document filed on

the opposing party or counsel and proof of service of all documents on the opposing party or counsel. *see* FED. R. CIV. P. 5(b)(1) and (d); *see also* CIV. L.R. 5.2.[1]  The Electronic Case Filing Administrative Policies and Procedures Manual further provides that "[i]f time is an issue, non-registered filers must provide a paper copy of the document(s) to all parties." ECF §2(d)(2).

Plaintiff is admonished that he must serve upon defendants or, if appearance has been entered by counsel, upon defendants' counsel, a copy of every further pleading or document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on defendants or counsel for defendants and the date of service. Any paper received by a district judge or a magistrate judge that has not been filed with the Clerk of the Court or which fails to include a certificate of service will be disregarded by the court.

Although the Court is mindful of plaintiff's *pro se* status, he must comply with the Federal Rules of Civil Procedure and the Civil Local Rules for the United States District Court for the Southern District of California.  "District judges have no obligation to act as counsel or paralegal to *pro se* litigants."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Springer v. Best*, 264 F.2d 24, 25 (9th Cir.1959)(it has never been the court's function "to supervise laymen in the practice of law."); *Jacobsen v. Filler*, 790 F.2d 1362, 1365 (9th Cir.1986) ("it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant").  "*Pro se* litigants are not excused from following court rules," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997), and they "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).  Plaintiff is advised that future failure to comply with the Rules of Court may result in sanctions being imposed upon him.

Although plaintiff has not sought leave of Court to file his "affidavit of truth", the Court will permit the filing of this document so long as plaintiff files a certificate of service that attests

---

[1]  In plaintiff's Proof of Service, he references California Code of Civil Procedure but because he is proceeding in the federal court, plaintiff must rely on the Federal Rules of Civil Procedure.

to the fact that defendants' counsel has been served with his "affidavit of truth."  Failure to serve defendants' counsel within five days of the filing of this Order shall result in the striking of the "affidavit of truth" from the record.  If plaintiff intends to further supplement his opposition to defendants' motion to dismiss[2], he must seek leave of Court *prior* to submitting the document(s) to the Court.

Based on the foregoing, **IT IS ORDERED** directing the Clerk of the Court to file plaintiff's "affidavit of truth".  **IT IS FURTHER ORDERED** that plaintiff shall serve opposing counsel with his "affidavit of truth" and file with the Clerk of the Court a certificate of service attesting to such service on defendants' counsel within five days of the filing of this Order.  Failure to serve opposing counsel and to file a certificate of service with respect to the "affidavit of truth" within the time provided shall result in the "affidavit of truth" being stricken from the record.

**IT IS SO ORDERED.**

DATED:  November 5, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[2] Although plaintiff does not state the purpose for his "affidavit of truth", the Court assumes that it is intended to offer additional support for his opposition to defendants' motion to dismiss even though the document appears to be irrelevant to determining the merits of defendants' motion.