UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN BRAD JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY WENNES, *et al.,*<br><br>    Defendants. | Civil No. 08cv1798-L(JMA)<br><br>**ORDER GRANTING MOTION TO DISMISS THE COMPLAINT; GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT and DENYING AS MOOT MOTION FOR MORE DEFINITE STATEMENT [doc. #5]** |

Defendants Timothy Wennes; Countrywide Bank, FSB; Countrywide Home Loans, Inc.; Countrywide Financial Corporation; and Bank of America move to dismiss or alternatively for a more definite statement [doc. #5]. Plaintiff filed an opposition[1] to the motion and defendants have replied. Having fully and carefully considered the arguments of the parties, the Court dismisses plaintiff's complaint.

**Discussion**

**1.    Motion to Dismiss Under Rule 12(b)(6)**

   **a.    Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A motion to dismiss under Rule

---

[1]  Plaintiff filed an "Answer" to the motion to dismiss that the Court construes as an opposition.

12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-1965. Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Finally, in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

      **b.**    **Criminal Causes of Action**

Plaintiff's complaint focuses exclusively on purported violations of criminal statutes. In

his complaint, plaintiff states:

> The Respondent(s)/Defendants are hereby accused of the following crimes against, and violations of the rights of the people of this CALIFORNIA REPUBLIC. . . . MALFEASANCE OF OFFICE . . . SLAVERY . . . TREASON . . . [criminal] FRAUD . . . EXTORTION . . . ROBBERY . . . FALSE DOCUMENTS . . . CONSPIRACY . . . RACKETEERING.

(Complaint at 26-30.)

An individual may not bring criminal charges against someone by filing a complaint in this Court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also, Lamont v. Haig*, 539 F. Supp. 552, 558 (D.S.D. 1982) (violation of federal criminal statutes does not give rise to a civil cause of action). It is well settled that a private citizen may not use the courts as a means of forcing a criminal prosecution. *United States v. Nixon*, 418 U.S. 683, 694 (1974). Plaintiff is attempting to do just that. For example, plaintiff tries to bring a claim under 18 U.S.C. § 4, the federal criminal statute for misprision of a felony (Complaint at 16) and charges for criminal conspiracy and treason. (Complaint at 24.)

The conduct of criminal prosecution is an executive function within the exclusive prerogative of the Attorney General.[2]  *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Neither plaintiff nor the court are authorized to file a criminal complaint. Whether to prosecute and/or what criminal charges to file are decisions that rest in the sole discretion of the prosecutor. Notwithstanding plaintiff's belief that he can bring a criminal complaint against defendants, he cannot. Plaintiff is unable to state a claim against defendants for alleged violations of a criminal statute(s).[3] Because the complaint cannot be amended to allege criminal charges, it must be dismissed.

If plaintiff intends to assert civil causes of action against defendants, he must file an amended complaint that alleges sufficient facts to support a legally available cause(s) of action

---

[2] One of the important features of the United States system of criminal justice is the discretion afforded to prosecutors regarding whether to charge an individual or organization for allegedly illegal conduct.

[3] If plaintiff believes that criminal charges should be brought against defendants, he should report the alleged crimes to the local police or prosecutor.

under civil law and comply with this Order, specifically Federal Rule of Civil Procedure 8, within 30 days of the filing of this Order.

Based on the foregoing, defendants' motion to dismiss will be granted and plaintiff will be given leave to file an amended complaint.

### 2.     Motion for More Definite Statement

Under Federal Rule of Civil Procedure 12(e), if a complaint is so vague or ambiguous that the opposing party cannot reasonably frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  A Rule 12(e) motion for a more definite statement must be considered in light of Federal Rule of Civil Procedure 8's liberal pleading standards in federal court. *See, e.g., Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

Under Rule 8, complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *see also Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).  A "[p]leading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, and it must not be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE (2d ed.) § 1376.  When the factual detail is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8, dismissal is proper.

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery" (emphasis added)).  A complaint that

fails to comply with Rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Rule 41(b). Rule 8; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry,* 84 F.3d at 1179.

When a complaint is written by a *pro se* litigant, as here, pleading rules are relaxed and the complaint is held to a less stringent standard. *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir.1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987). But it is equally settled that "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir.1988); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y.1991) (policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

As defendants correctly note, plaintiff's allegations are largely unintelligible and so prolix that defendants do not have notice of the civil claims, if any, against them. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scant allegations fails to satisfy the notice requirement of Rule 8). Plaintiff does little more than offer a wide array of disconnected, legal-sounding concepts untethered to specific factual allegations. To obtain compensation for the indignities plaintiff contends he has endured, he must articulate viable, legally recognized civil claims against the defendants along with enough factual background to apprise defendants of plaintiff's claims. Because of this failure to provide notice to defendants of any civil claims, the Court will dismiss the complaint based on Rule 8 and defendants' motion for a more definite statement will be denied as moot.

Based on the foregoing, **IT IS ORDERED** granting defendants' motion to dismiss plaintiff's complaint. **IT IS FURTHER ORDERED** granting plaintiff leave to file an amended complaint in conformity with this Order within 30 calendar days of the filing of this Order. Failure to file an amended complaint will result in the closing of this action. **IT IS FURTHER**

**ORDERED** denying as moot defendants' alternative motion for a more definite statement.

**IT IS SO ORDERED.**

DATED: November 17, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL