UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN BRAD JOHNSON, | Civil No. 08cv1798-L(JMA) |
| Plaintiff, | **ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| v. | [doc. #33] |
| TIMOTHY WENNES, *et al.,* | |
| Defendants. | |

After plaintiff Warren Brad Johnson's original complaint was dismissed without prejudice for failure to state a claim and for violation of Federal Rule of Civil Procedure 8, he filed a first amended complaint ("FAC") on December 17, 2008. The certificate of service indicates that he mailed the FAC to defendants' counsel of record on December 17, 2008. *See* Docket No. 28. On January 5, 2009, defendants filed a motion to dismiss the FAC or alternatively, for a more definite statement. *See* Docket No. 29.

Plaintiff now moves for entry of default judgment under Federal Rule of Civil Procedure 55 contending that defendants' motion to dismiss is untimely.

The Court first notes that plaintiff's motion for default judgment is premature because default has not been entered as required under Federal Rule of Civil Procedure 55(a):

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A motion for default judgment may not be considered prior to entry of default. For this reason, plaintiff's motion for default judgment will be denied.

Even if the Court construes plaintiff's motion for default judgment as a request for entry of default, it would be denied because defendants have a timely motion to dismiss pending.

If a motion to dismiss is granted but with leave to amend, the time to respond by way of a motion to dismiss or answer to the amended complaint is 10 days from service of the amended pleading unless otherwise specified by the court or by stipulation. FED. R. CIV. P. 15(a)(3).[1] Federal Rule of Civil Procedure 6(a) provides the rules to apply in computing any time period specified in the federal or local rules, court orders, or statutes. Because the time to respond to an amended complaint is 10 days, the Court "[e]xclude[s] intermediate Saturdays, Sundays, and legal holidays" in determining the due date. FED. R. CIV. P. 6(a)(2). The day the amended complaint is mailed to defendants or their counsel is excluded from the computation. *See* FED. R. CIV. P. 6(a)(1). "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." FED. R. CIV. P. 6(d). As noted above, plaintiff served the FAC by mail; therefore, service was made under Rule 5(b)(2)(C) and an additional three days is added to the 10-day response period.

Under the facts of this case, plaintiff mailed the FAC to defendants' counsel on December 17, 2008; therefore, the counting of the 10 days for a response to the FAC commences on December 18, 2008. The following days are excluded from the count because they are either Saturdays, Sundays or legal holidays[2]: December 20, 21, 25, 27, 28 and January 1, 3 and 4. As discussed above, three additional days are provided to defendants because plaintiff mailed the amended complaint to them. Based on these computational rules, defendants' answer or motion

---

[1] Plaintiff incorrectly cites Civil Local Rule 7.1(e)(3) in support of his argument: "FIVE (5) COURT DAYS TO RESPOND TO AMENDED COMPLAINT." But Civil Local Rule 7.1(e)(3) is directed to a reply to a pending motion and not to responding to an amended complaint. Although plaintiff is appearing without counsel, citations to clearly inapplicable law is disingenuous at best.

[2] Federal Rule of Civil Procedure 6(a)(4) sets forth that Christmas Day and New Year's Day are legal holidays.

to dismiss was due for filing on January 7, 2009.  Defendants' motion to dismiss was filed on January 5, 2009.  Because defendants' response to the FAC was timely, entry of default is not warranted.

Accordingly, plaintiff's motion for default judgment is **DENIED**.  To the extent plaintiff's motion for default judgment is intended to be a request for entry of default, the request is **DENIED**.

**IT IS SO ORDERED.**

DATED:  January 13, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL