UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN BRAD JOHNSON, <br><br>  Plaintiff, <br><br> v. <br><br> TIMOTHY WENNES, *et al.,* <br><br>  Defendants. | Civil No. 08cv1798-L(JMA) <br><br> **ORDER STRIKING PLAINTIFF'S "FIRST ANSWER TO DEFENDANTS' MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT" [doc. #40]** |

Defendants Timothy Wennes, Sheila Zuckerman, Countrywide Bank, Countrywide Home Loans; Countrywide Financial, and Bank of America (collectively "defendants") moved to dismiss plaintiff's first amended complaint ("FAC"). At present, the motion is set for hearing on March 2, 2009. Plaintiff's opposition to the motion to dismiss was due on February 17, 2009. Because plaintiff mailed his response, three additional days are added to the due date. FED. R. CIV. P. 6(d). Thus, an opposition to the motion to dismiss was due for filing not later than February 20, 2009.

The Clerk of the Court received plaintiff's **"FIRST ANSWER TO DEFENDANTS' MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT"** and "PLAINTIFF'S DEMAND FOR RESPONSE TO COMPLAINT BY AFFIDAVIT OF TRUTH" on February 24, 2009. Plaintiff's certificate of service indicates that this document was mailed on February 23, 2009. Plaintiff did not seek additional time in which to file his opposition to defendants' motion.

1  Accordingly, the Court will strike plaintiff's opposition as untimely.

2  The Court further notes that plaintiff's submission is 65 pages in length.  Civil Local Rule
3  7.1(h) states that "Briefs or memoranda in support of **or in opposition to** all motions . . . shall
4  not exceed twenty-five (25) pages in length . . . without leave of the judge who will hear the
5  motion."  Plaintiff has not sought leave to file an opposition that exceeds the page limitation
6  found in the Civil Local Rules.  Additionally, the original document does not have an original
7  signature but instead both the original and copy of plaintiff's response have photocopied
8  signatures.  For these additional reason, the Court will strike plaintiff's opposition.

9  Moreover, plaintiff appears to misunderstand the concept of a motion to dismiss and
10 motion practice in general.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency
11 of the pleadings.  Such a motion is not meant to challenge the factual basis of the complaint but
12 rather to determine if the facts plaintiff allege give rise to one or more enforceable legal rights.
13 Dismissal is warranted under Rule 12(b)(6) when the complaint lacks a **cognizable legal theory**.
14 *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)(emphasis added);
15 *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a
16 claim on the basis of a dispositive issue of law.").  In other words, for plaintiff to avoid a Rule
17 12(b) (6) dismissal, a complaint need not contain detailed factual allegations, but rather, it must
18 plead "enough facts **to state a claim to relief that is plausible on its face**."  *Bell Atl. Corp. v.
19 Twombly*, 127 S. Ct. 1955, 1974 (2007)(emphasis added).

20 Here, plaintiff's response is presented as an "Affidavit of Truth", a document that is not
21 recognized under the Federal Rules of Civil Procedure as an appropriate response to a motion to
22 dismiss.  Further, in deciding a motion to dismiss for failure to state a claim, the court's review is
23 generally limited to the contents of the complaint.  *Campanelli v. Bockrath*, 100 F.3d 1476, 1479
24 (9th Cir. 1996).  Again, a motion to dismiss does not challenge the factual basis of the complaint
25 but instead, challenges, when accepting the facts alleged as true, whether plaintiff has stated a
26 claim against defendants.  The critical facts are those alleged in the complaint, or in this case, the
27 FAC.

28 Plaintiff incorrectly believes that his "Affidavit of Truth" requires defendants "to

correspond meaningfully with this Plaintiff regarding his complaint. This affidavit is not written for the purpose of debating the constitutionality or legality of this complaint." (Affidavit of Truth at 4.) Within the Affidavit, plaintiff seeks "answers" from defendants to various questions he poses. A response in opposition to a motion to dismiss or for more definite statement does not require defendants to answer questions. A response to a motion to dismiss is an opportunity for plaintiff to address defendants' challenges to the complaint. As a result, plaintiff's response should be directed to the arguments raised in the motion to dismiss only. It is not a proper vehicle to argue facts or interpose discovery-like questions. Plaintiff's response does not address the issues raised in defendants' motion and therefore, offers no rationale for denying defendants' motion to dismiss.

If the Court declines to dismiss plaintiff's FAC under Rule 12(b)(6), defendants alternatively request that the Court order plaintiff to file a more definite statement. Federal Rule of Civil Procedure 12(e)[1] empowers a party to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In this alternative motion, defendants argue that they are unable to prepare a response to plaintiff's FAC because it is "conclusory, unintelligible, and lacks the necessary factual allegations to support any claim under any cognizable legal theory." (Dfts' Ps&As at 5.).

Plaintiff appears to believe that his "affidavit of truth" is a proper response to defendants' alternative motion for a more definite statement. It is not. Again, plaintiff misunderstands the nature of motion practice. A response in opposition to any motion challenges whether the motion should be granted. A response to a motion does not require plaintiff to do what the motion seeks, for example, in this case, provide a more definite statement. The Court will determine whether a more definite statement is required. Unless and until the Court orders

---

[1] Rule 12(e) provides:
A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

plaintiff to provide a more definite statement, plaintiff's response to a pending motion should challenge the legal or factual basis for the motion that defendants raise.  Accordingly, an "affidavit of truth" is an inappropriate response to defendants' alternative motion for a more definite statement.

Although plaintiff is proceeding without benefit of counsel, he cannot make up his own rules or procedures or law.  Plaintiff is again admonished to comply with the Federal Rule of Civil Procedure and the Civil Local Rules.

Based on the foregoing, plaintiff's "first answer to defendants' motion to dismiss and for more definite statement" and "plaintiff's demand for response to complaint by affidavit of truth" is **STRICKEN FROM THE RECORD.**  Because the time has past for filing a response in opposition to defendants' motion to dismiss or for more definite statement, if plaintiff seeks to file an opposition that addresses defendants' motion, he must file with the Clerk of the Court and serve upon opposing counsel an *ex parte* motion for an extension of time[2] in which to file and serve opposing counsel his response in opposition to the motion to dismiss or for more definite statement.  The *ex parte* motion for an extension of time must be **received** by the Clerk of the Court no later than March 9, 2009.  The March 2, 2009 hearing on defendants' motion to dismiss is **VACATED**.  Defendants are not required to file a reply memorandum unless ordered to do so by the Court.

**IT IS SO ORDERED.**

DATED: February 26, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[2]  Because the time has past for plaintiff to file a response in opposition to defendants' motion, in seeking an extension of time, plaintiff must show excusable neglect.  *See* FED. R. CIV. P. 6(b)(2).