UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WARREN BRAD JOHNSON, | ) | Civil No. 08cv1798-L(JMA) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR** |
| v. | ) | **RECONSIDERATION OF ORDER** |
| | ) | **DENYING LEAVE TO FILE A SUR-** |
| TIMOTHY WENNES, *et al.,* | ) | **REPLY** [doc. #55] |
| | ) | |
| Defendants | ) | |
| . | ) | |
| | ) | |

On April 27, 2009, plaintiff filed a "formal objection to Court's Order to deny plaintiff's sur-reply and to show cause."   The Court construes plaintiff's "objection" as a motion for reconsideration of its Order denying plaintiff's motion for leave to file a response in opposition to defendants' reply – a sur-reply – and for his response to exceed 25 pages.  In denying plaintiff's motion, the Court noted that defendants' motion to dismiss was fully briefed, plaintiff had been given three opportunities to file an appropriate response to defendants' motion and plaintiff "offer[ed] no legal or factual basis or rationale whatsoever for his request."  (Order filed April 20, 2009 at 2. [doc. #52])

**MOTION FOR RECONSIDERATION**

**1.     Legal Standard**

Civil Local Rule 7.1(i) allows parties to file motions for reconsideration.  Under that local rule, a party may apply for reconsideration "[w]henever any motion or any application or

08cv1798

petition for any order or other relief has been made to any judge and has been refused in whole

or in part. . . ." CIV. L. R. 7.1(I)(1).  A party must show "what new or different facts and

circumstances are claimed to exist which did not exist, or were not shown, upon such prior

application." *Id*.  A timely-filed motion for reconsideration under a local rule is considered a

motion under Federal Rule of Civil Procedure 59(e).  *Schroeder v. McDonald*, 55 F.3d 454, 459

(9th Cir. 1995).

Reconsideration under Rule 59(e) is appropriate "if the district court (1) is presented with

newly discovered evidence, (2) committed clear error or the initial decision was manifestly

unjust, or (3) if there is an intervening change in the controlling law." *School Dist. No. 1J,*

*Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A Rule 59(e)

motion "should not be granted[] absent highly unusual circumstances." *389 Orange St. Partners*

*v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  A motion to reconsider is not another opportunity

for the losing party to make its strongest case, reassert arguments, or revamp previously

unmeritorious arguments.  Reconsideration motions do not give parties a "second bite at the

apple":  they "are not vehicles permitting the unsuccessful party to 'rehash' arguments

previously presented. . . .  Nor is a motion to reconsider justified on the basis of new evidence

which could have been discovered prior to the court's ruling. . . .  Finally, 'after thoughts' or

'shifting of ground' do not constitute an appropriate basis for reconsideration." *United States v.*

*Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1999), *rev'd on other grounds*, 160 F.3d 1254 (9th

Cir. 1998) (internal citations omitted); *accord United States v. Westlands Water Dist.*, 134 F.

Supp. 2d 1111, 1130 (E.D. Cal. 2001); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th

Cir. 1985) (holding that a motion for reconsideration under Rule 59(e) was properly denied

because "it presented no arguments that had not already been raised in opposition to summary

judgment"); *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("courts

avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either

repetitive contentions of matters which were before the court on its prior consideration or

contentions which might have been raised prior to the challenged judgment").  This rule reflects

the courts' "concerns for preserving dwindling resources and promoting judicial efficiency."

1    *Costello*, 765 F. Supp. at 1009.

2        **2.    Discussion**

3        In objecting to the Court's denial of his request for leave to file a sur-reply, plaintiff states

4    that the courts in this district have "consistently allowed 're-reply'" and offers a few examples in

5    support of his contention.  Plaintiff fails to acknowledge that in *each* case, the party seeking

6    leave to file a sur-reply offered a legal and/or factual basis for its request.  As previously noted,

7    plaintiff provided no rationale whatsoever for his request for leave to file a sur-reply.   Although

8    the Court may in its discretion allow the filing of a sur-reply, this discretion should be exercised

9    in favor of allowing a sur-reply only where a valid reason for such additional briefing exists.

10   *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005).  Because no valid reason was

11   offered for the filing of a sur-reply, there is no basis for reconsidering the Court's Order denying

12   plaintiff's motion on this basis.

13       Plaintiff also argues that he "was denied access to a class, offered by this Court that

14   would have assured Plaintiff understands this Courts Rules on proper filing and procedures."

15   This argument is disingenuous at best.  Plaintiff sought leave to file documents electronically

16   under the Electronic Case Filing Administrative Policies and Procedures Manual.  The Court

17   offers a class in how to file documents electronically.  But the class does not provide any

18   instruction on the Federal Rules of Civil Procedure or the Civil Local Rules.  The Court denied

19   plaintiff's request to file documents electronically because he failed "to comply with the most

20   basic requirements of Section 2.b, which demonstrates either an inability or unwillingness 'to

21   follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual.'"

22   (Order filed January 16, 2009 at 2 [doc. #37])   Attendance at the electronic filing class would

23   not have assisted plaintiff in the understanding of the Rules of Court.

24       Plaintiff correctly asserts that there is no mention of sur-replies in the Federal Rule of

25   Civil Procedure or the Civil Local Rules.  Neither the Federal Rules of Civil Procedure nor the

26   Civil Local Rules provides a right to file a sur-reply because a sur-reply is not part of the

27   ordinary process for the briefing of motions.  When a motion is filed, a respondent may file an

28   opposition to it and the movant may file a reply to that opposition. The respondent may not file a

1  sur-reply unless leave of court is granted.  While the court may, in its discretion, permit

2  additional briefing, including a sur-reply, it generally will not permit such additional briefing

3  absent good cause.  Plaintiff offered no showing of good cause.

4      Finally, plaintiff states that a sur-reply "will bring forward evidence which this Court

5  does not currently have.  Said evidence will show that a dispute still exists, between this Plaintiff

6  and these Defendants."  As the Court has repeatedly explained to plaintiff, a motion to dismiss

7  does not examine whether evidence supports plaintiff's allegations but rather considers whether

8  the complaint alleges a legally cognizable claim.  If a claim is not legally cognizable, there will

9  be no evidence sufficient to save the allegations.  Accordingly, plaintiff's stated interest in

10  providing evidence in opposition to defendants' motion to dismiss is without merit.

11      **3.    Conclusion**

12      Plaintiff has not demonstrated that unusual circumstances require reconsideration of the

13  Court's Order denying leave to file a sur-reply.  Further, plaintiff has not presented the Court

14  with newly discovered evidence, or shown as discussed above, that the Court committed clear

15  error or the initial decision was manifestly unjust, or argued that there has been an intervening

16  change in the controlling law."  *See School Dist. No. 1J,* 5 F.3d at 1263.  Accordingly, plaintiff's

17  motion for reconsideration is denied.

18      **VIOLATION OF COURT ORDER**

19      The Court previously entered an Order prohibiting plaintiff from contacting Chambers by

20  telephone and/or by corresponding with the Court based on plaintiff's disrespectful and rude

21  behavior.  (Order filed January 12, 2009 [doc. #34])  On Friday, April 24, 2009, plaintiff called

22  the Clerk of the Court for legal information.  When the information was not forthcoming,

23  plaintiff asked to be transferred to Chambers.  Although Clerk's Office staff was advised of this

24  Order restricting plaintiff's access to Chambers, plaintiff's call was transferred in error.  Plaintiff

25  identified himself to Chambers' staff and sought legal advice.  Plaintiff was reminded of the

26  Order that he was not to have telephonic contact with Chambers.  When so reminded, plaintiff

27  became agitated.  Chambers' staff then hung up the phone.

28      Plaintiff has been warned in strong terms that his behavior is unacceptable and subject to

sanction and yet he remains intransigent.  Nevertheless, the Court will not sanction plaintiff at this time; however, any further contact with Chambers shall result in monetary and/or other sanctions which may include dismissal of this action with prejudice.

## CONCLUSION

Based on the foregoing, plaintiff's objection, construed as a motion for reconsideration of the Court's April 20, 2009 Order is **DENIED.**

**IT IS SO ORDERED.**

DATED:  April 28, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

08cv1798