UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN BRAD JOHNSON, | Civil No. 08cv1798-L(JMA) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE [doc. #29] and DIRECTING ENTRY OF JUDGMENT** |
| v. | |
| TIMOTHY WENNES, *et al.*, | |
| Defendants. | |

Defendants Timothy Wennes; Countrywide Bank, FSB; Countrywide Home Loans, Inc.; Countrywide Financial Corporation; and Bank of America (collectively "defendants") move to dismiss plaintiff's first amended complaint ("FAC") or alternatively for a more definite statement [doc. #29]. Plaintiff filed an opposition[1] to the motion and defendants have replied.

---

[1] Plaintiff first filed a filed a "First Answer" [doc. #40] to the motion to dismiss and more definite statement. The Court struck this filing because it was untimely, exceeded the page limitation found in the Civil Local Rules, and lacked an original signature. The Court also discussed the errors in plaintiff's filing and additionally advised plaintiff of the nature of response in opposition to defendants' motion. (Order filed February 26, 2009. [doc. #41]) Plaintiff requested leave to file a late opposition to the motion to dismiss that the Court granted. As discussed in the Court's March 23, 2009 Order striking plaintiff second submission [doc. #45], the document did not address any of the points the Court had pointed out to plaintiff and was substantially the same as his previous "First Answer." (Order [doc. #46]) Notwithstanding plaintiff's noncompliance with the Court's Order, the Court permitted plaintiff to file a third response in opposition to defendants' motion to dismiss. Plaintiff filed a complying response in opposition on April 3, 2009. [doc. #48] Plaintiff sought leave to file a sur-reply that the Court

Having fully and carefully considered the arguments of the parties, the Court dismisses plaintiff's FAC with prejudice.

## Discussion

**1.    Motion to Dismiss Under Rule 12(b)(6)**

   **a.    Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-1965. Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

---

denied. The Court then denied plaintiff's motion for reconsideration of its Order denying leave to file a sur-reply.

Finally, in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

### b.     Factual Background[2]

In the FAC, plaintiff asserts that on August 14, 1998, he entered into a mortgage loan agreement with defendants with respect to a refinancing of an El Cajon single-family residential property. (Compl. at 27.)   But instead of a fair transaction, plaintiff alleges that defendants acted deceptively and "realized an unfair gain." *Id.* at 28.  Also, plaintiff states he was coerced into signing the loan agreement. *Id.*  According to plaintiff, the loan transaction was illusory: "there is no loan of money, the only thing that the Plaintiff or anyone else receives is a <u>slight of hand</u>, with the misrepresentation that a real loan transaction took place." *Id*. at 29.  Further, plaintiff asserts that defendants "accepted and cashed the Plaintiff's promissory note, issued to them, by the Plaintiff . . . ." *Id.* at 31.  Plaintiff continues, "[a]t all material times, in this transaction, the Plaintiff never receive [sic] any real money that is legal tender in the State of California or any other States of the United States of America, from any of the Defendants, and all of them, as contemplated by the loan agreement." *Id.* at 32.  Additionally, plaintiff alleges:

> The Defendants' banks and all of them, and others, fraudulently, unlawfully and without color of right created something that looked like money, to the average individual, or at least represented it as money, out of thin air, but indeed was only a figure inputted into a program of a computer, and at no cost or risk to these Defendants, and all of them, who did fraudulently and unlawfully "loan" these unlawfully created representations of monies to the Plaintiff with interest.
> . . .

---

[2]     The first 26 pages of plaintiff's 73-page FAC appears to be an introductory statement of plaintiff's beliefs and is surplusage.  Federal Rule of Civil Procedure 8 sets forth general rules of notice pleading in the Federal Courts.  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED.R.CIV.P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

> The "fiat money" that was unlawfully created out of nothing by the Defendants' banks, and all of them, . . . notwithstanding the fact that the Defendants' banks and all of them, are precluded by law from "creating" money . . . .

(Comp. at 49-50.)

Plaintiff also alleges that the defendants were not able "to lend any money to the Plaintiff" because the banks did not have the money to lend, did not have any cash reserves and did not have any tangible assets of their own to lend "as all of their 'assets' are 'paper assets' which are mainly in the form of "receivables/liabilities; created by them out of 'thin air'." *Id*. at 51.  Further, plaintiff asserts that defendants "failed, neglected or refused to return the promissory note received by them to the Plaintiff, once they cashed said promissory note and deposited it into the Defendants' accounts, which is a breach of their fiducial [sic] responsibility." *Id.* at 53.  According to plaintiff, defendants illegally created money from nothing which "constitutes illegal creation and passing of counterfeit money." *Id.* at 54.

The FAC also provides:

> Because no value was ever imparted by the Defendants, and all of them, to the Plaintiff, these Defendants, and all of them, did not risk <u>anything</u>, nor lost <u>anything</u> nor could they have lost <u>anything</u>, under any circumstances and therefore no lien could have been perfected according to law and equity against the Plaintiff, . . .

*Id*. at 55 (emphasis in original).

### c.     Discussion

Defendants move to dismiss plaintiff's entire FAC.  In the FAC, plaintiff lists violations of: (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 1983; (3) 42 U.S.C. § 1985(3); (4) 18 U.S.C. § 242; (5) "<u>Article 1</u>, § 3(4); (6) due process of law; (7) 18 U.S.C. § 1584 – involuntary servitude; and (7) breach of express trust by disloyalty.

#### 1.     General Considerations Concerning Allegations in the FAC

In seeking dismissal of the action, defendants approach the FAC in a global way contending that the FAC "vaguely alleges claims for fraud, wrongful foreclosure, and breach of fiduciary duty" rather than by addressing the listed causes of action.  (Dfts' Ps&As at 3.)   In this respect, defendants contend that the allegations are vague, factless, nonsensical and consist of "wild and unsubstantiated accusations regarding 'Defendants'" unidentified misconduct. (Dfts' Ps&As at 1, 3.)

The fraud claim, according to defendants, is "problematic" because it is "based on Plaintiff's gross misunderstanding of the manner in which lending institutions conduct business." *Id.* at 4. The Court concurs.

All of plaintiff's allegations are based on a fundamental misunderstanding of the mortgage lending process and specifically, the nature and function of a promissory note. A promissory note is a signed document containing a written promise to pay a stated sum to a particular person or to the bearer at a specified date or on demand. *See* BLACK'S LAW DICTIONARY 1089 (8th ed. 2004); THE OXFORD ENGLISH DICTIONARY (On-line ed. 2007); WEBSTER'S UNABRIDGED DICTIONARY 1548 (2d ed. 1998).

Notwithstanding plaintiff's belief that "WE PAID FOR THE PURCHASE OF OUR HOME WITH OUR PROMISSORY NOTE," a promissory note is a promise to pay a stated amount that does not create money in payment for real property. It is not clear if plaintiff seriously believes his assertions but the factual and legal reality is that the purchase or refinance of his home occurred because he promised to pay defendants a certain sum for his home and he made payments under the promissory note until that sum was paid. Plaintiff's further misunderstanding of the function of a promissory note is demonstrated by his statement that "[t]he moment we signed this [promissory] note it became money to the BANK. [ ] THAT there was no money in existence until we signed OUR note." (Opp. at 6.) A promissory note does not magically create or become money.

Plaintiff also contends in his opposition that:

> Therefore, in reality [plaintiff and his wife[3]] didn't owe the BANK anything. We simply exchanged OUR promissory note, which had value, which, before OUR deposit of OUR promissory note, there existed NO fiat money for the check, they issued in OUR name, which paid for OUR home. The account is a wash.
> SO WHY WERE WE PAYING MONTHLY PAYMENTS AND INTEREST FOR SOMETHING THAT, WITHIN OUR MONETARY SYSTEM, HAS ALREADY BEEN PAID."

(Opp. at 12).

---

[3] Plaintiff's wife is not a party to this action. Plaintiff brought this action in his name, Warren Brad Johnson, as "a secured party and superior creditor for Brad Warren Senninger, a legal entity." Although not clear, it appears that Warren Brad Johnson is an "also known as" for Brad Warren Senninger.

It strains the imagination for plaintiff to suggest that he should have clear title to his home without paying for it. If he had tried to deposit a promissory note as a check in any financial institution claiming it was cash or an asset worth the value on the face of the note, he would have quickly discovered that the note did not create money out of the ether.

In the real property context, the borrower makes payments to the lender in exchange for title to[4] and the use and enjoyment of the property so long as the borrower does not default on the loan. The lender assumes the risk that the borrower will not repay the loan. In the event of a default, the lender has a security interest in the real property.

Consideration of the FAC leads to the certain conclusion that dismissal with prejudice is required in this case. It is beyond dispute that the allegations found in the FAC are premised on a grossly misconceived notion of how the monetary system functions with respect to secured transactions in real property.

Although the Court finds that dismissal with prejudice of the FAC is required because of its failure to state a claim based on plaintiff's fanciful beliefs, the Court also reviews the causes of action enumerated in the FAC.

**2. Fraud**

Defendants argue that the FAC fails to allege fraud[5] with particularity under Federal Rule of Civil Procedure 9(b). To comply with Rule 9(b), "the circumstances constituting fraud . . . shall be stated with particularity." FED. R. CIV. P. 9(b). "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). In this regard, it is

---

[4] The title to the real property remains encumbered pending the full payment required under the promissory note.

[5] The elements of fraud under California law are: (a) misrepresentations (false representation, concealment, or nondisclosure); (b) knowledge of the statement's falsity; (c) intent to defraud, *i.e.*, to induce action in reliance of the misrepresentation; (d) justifiable reliance; and (e) resulting damage. *See, e.g., Flaxel v. Johnson*, 541 F. Supp. 2d 1127, 1145 (S.D. Cal. 2008); *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

sufficient to plead items such as the time, place and nature of the alleged fraudulent activities.

Here, plaintiff fails to sufficiently identify the individuals making the statements or failing to make disclosures by alleging, where possible, the roles of the individuals in the misrepresentations or non-disclosures. Plaintiff's fraud claim alleges no "time, place, or persons," or specific express statements made about their mortgage loan. The fraud claim must be dismissed for failure to meet the particularity requirement of Rule 9(b).

### 3.   Criminal Causes of Action

Plaintiff attempts to bring two claims against defendants for violation of criminal statutes: 18 U.S.C. § 242 and 18 U.S.C. § 1584. As discussed in the Court's November 17, 2008 Order dismissing plaintiff's complaint, an individual may not bring criminal charges against someone by filing a complaint in this Court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also, Lamont v. Haig*, 539 F. Supp. 552, 558 (D.S.D. 1982) (violation of federal criminal statutes does not give rise to a civil cause of action). It is well settled that a private citizen may not use the courts as a means of forcing a criminal prosecution. *United States v. Nixon*, 418 U.S. 683, 694 (1974).

Plaintiff is unable to state a claim against defendants for alleged violations of a criminal statute(s). Because these claims cannot be amended to allege criminal charges, they must be dismissed with prejudice.

### 4.   Breach of Fiduciary Duty

Although plaintiff asserts that defendants owed him a fiduciary duty and breached that duty, California law is clear that banks do not have a fiduciary duty to their loan customers. *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989). Without a fiduciary relationship, there can be no breach of fiduciary duty. Defendants are entitled to dismissal with prejudice of this claim.

### 5.   42 U.S.C. § 1981 Claim

The most basic flaw with plaintiff's section 1981 claim is that plaintiff does not allege that he is a member of a protected class and therefore falls within the ambit of the states. In order to state a claim under § 1981, plaintiff must allege he is a member of a distinct racial

minority.

Further, plaintiff's section 1981 claim is untimely. The loan transaction at issue was consummated on August 14, 1998, and in February 2003, plaintiff paid off his only mortgage with Countrywide. A section 1981 claim must be brought within one-year of the alleged discrimination. *See Taylor v. Regents of the Univ. of California*, 993 F.2d 710, 711 (9th Cir. 1993). It is clear that plaintiff's claim was not brought within the statute of limitations.

Finally, to state a claim under section 1981, a plaintiff must identify an impaired "contractual relation," either by showing that racial discrimination blocked the creation of a contractual relationship, or impaired an existing contractual relationship. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Plaintiff's section 1981 claim does not plead either type of contractual impairment. Plaintiff's 42 U.S.C. § 1981 claim must be dismissed with prejudice.

### 6.   42 U.S.C. § 1983 Claim

Plaintiff lists a cause of action against defendants under 42 U.S.C. § 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a claim under § 1983, plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained-of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 101 S. Ct. 1908 (1981), overruled on other grounds by *Daniels v. Williams*, 106 S. Ct. 662 (1986); *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir.), cert. denied, 119 S.Ct. 540 (1998).

Here, the complaint fails to allege at least one essential element of such a claim: that defendants acted under color of state law. As noted above, in order to state a viable claim under § 1983, a plaintiff must allege "both the existence of a federal constitutional or statutory right,

and a deprivation of that right by a person acting under color of state law." *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 256 (1st Cir. 1994) (citation omitted). *See also Roche v. John Hancock Mut. Life Ins. Co.,* 81 F.3d 249, 253 (1st Cir. 1996) ("Since § 1983 is aimed at *state action and state actors*, . . . persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress.") (citation omitted)(emphasis added). Because defendants are not state actors, plaintiff's section 1983 claim must be dismissed with prejudice.

### 7. 42 U.S.C. § 1985(3)

A section 1985(3) cause of action concerns conspiracies to deprive or interfere with civil rights. "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103, 91 S.Ct. 1790 (1971)). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102. Plaintiff's complaint fails to make any factual allegations that would support a section 1985(3) claim, *e.g.,* that he is a member of a protected class and that his equal protection rights were violated. Therefore, plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1985(3).

### d. Conclusion

Plaintiff has failed to state a claim for relief under any of the enumerated causes of action found in the FAC. Because plaintiff cannot allege any viable claims by amendment, dismissal of the FAC with prejudice is required.

### 2. Motion for a More Definite Statement

Because the Court will dismiss plaintiff's FAC with prejudice, defendants' motion for a more definite statement is moot.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** granting defendants' motion to dismiss with prejudice and denying as moot defendants' motion for a more definite statement. **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: May 4, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL